IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

SOUTH BAY COMMUNITY DEVELOPMENT DISTRICT, a Local Unit of Special Purpose Government

    Plaintiff,

vs.

Case No: 08-27437
Division: DIVISION G

BAHIA SUN ASSOCIATES, LIMITED PARTNERSHIP, a Florida limited partnership; MANATEE BAY ASSOCIATES, LLC, a Florida limited liability company; BAHIA RIVER ASSOCIATES, LLC, a Florida limited liability company; BAHIA MARINA ASSOCIATES, LLC, a Florida limited liability company, GREAT FLORIDA BANK, N.A. a national banking association; BANKFIRST, a South Dakota state bank, as successor in interest to Marshall Investments Corporation, a Delaware corporation; OHIO SAVINGS BANK, a federal savings bank; ORION BANK, a Florida banking corporation; PENINSULA BANK, a Florida banking corporation; GEORGE F. YOUNG, INC., a Florida corporation; U.S. BRICK AND BLOCK SYSTEMS, INC. a Florida corporation; LEN TRAN, INC., a Florida corporation d/b/a Turner Tree and Landscape; MOFFATT & NICHOL, INC., a Florida corporation; W. G. MILLS INC. SOUTH, a Florida corporation; COUNTY DRAPERIES INC., a New York corporation, and ARTESIAN FARMS, INC., a Florida corporation

    Defendants.

_____/

**COMPLAINT**

1. This is an action to foreclose a lien for special assessments imposed by the South Bay Community Development District (the "District") upon the land described herein, as provided for by pertinent sections of Florida law including without limitation applicable statutes included within Chapters 170 and 190, Florida Statutes, and for other relief.

2. Venue for this action is proper in Hillsborough County, Florida because the real property which is subject to this foreclosure action is located in Hillsborough County.

3. The District is a local unit of special purpose government known as a community development district, lawfully organized and validly existing under Chapter 190, Florida Statutes.

4. The certain property located in Hillsborough County, Florida, which is the subject of this action, is described more specifically on attached Exhibit "A" hereto (hereinafter referred to as the "Property ").

5. Earthmark Companies, LLC a Florida limited liability company ("Earthmark" or the "Developer") is the Developer of that certain real estate development project in Hillsborough County known as South Bay and also known as Little Harbor (hereinafter the "Development") and is upon information and belief the agent, partner, managing member or representative of the various entities who are the owners of the Property comprising the Development.

6. Bahia Sun Associates Limited Partnership, a Florida limited partnership ("Bahia Sun") is one of the owners of the Property comprising the Development pursuant to that Special Warranty Deed, recorded in O.R. Book 14354, Page 1071 and Special Warranty Deed, recorded in O.R. Book 14534, Page 1081. (All references to O.R. Book and Page herein are to the Official Records of Hillsborough County.)

7. Manatee Bay Associates, LLC, a Florida limited liability company ("Manatee Bay") is one of the owners of the Property comprising the Development pursuant to Special Warranty Deed, recorded in O.R. Book 13091, Page 1108 and Warranty Deed, recorded in O.R. Book 15693, Page 1786.

8. Bahia River Associates, LLC, a Florida limited liability company ("Bahia River") is one of the owners of the Property comprising the Development pursuant to Corporate Warranty Deed, recorded in O.R. Book 13224, Page 1824.

9. Bahia Marina Associates, LLC, a Florida limited liability company ("Bahia Marina") is one of the owners of the Property comprising the Development pursuant to Special Warranty Deed, recorded in O.R. Book 13781, Page 920 and Quit Claim Deed, recorded in O.R. Book 18429, Page 456.

10. Bahia Sun, Manatee Bay, Bahia River and Bahia Marina will sometimes be referred to collectively herein as "Landowners" own all the land comprising the Property.

11. Orion Bank is a Florida banking corporation which, by virtue of a mortgage and related documents, may claim an interest in all or a portion of the Property that is the subject of this action.

12. Great Florida Bank, is a national banking association which, by virtue of a mortgage and related documents, may claim an interest in all or a portion of the Property that is the subject of this action.

13. BankFirst is a South Dakota state bank and successor in interest to Marshall Investments Corporation, a Delaware corporation, which by virtue of a mortgage and related documents may claim an interest in all or a portion of the Property that is the subject of this action.

14. Ohio Savings Bank is a federal savings bank which, by virtue of one or more mortgages and related documents, may claim an interest in all or a portion of the Property that is the subject of this action.

15. Peninsula Bank is a Florida banking corporation which, by virtue of a mortgage and related documents, may claim an interest in all or a portion of the Property that is the subject of this action.

16. W.G. Mills, Inc. South is a Florida corporation which, by virtue of a mortgage and related documents and a claim of lien and related work or material, may claim an interest in all or a portion of the Property that is the subject of this action.

17. U.S. Brick & Block Systems, Inc. is a Florida corporation, which by virtue of a claim of lien and related work or material, may claim an interest in all or a portion of the Property that is subject of this action.

18. County Draperies, Inc., is a New York corporation, which by virtue of a claim of lien and related work or material, may claim an interest in all or a portion of the Property that is subject of this action.

19. George F. Young, Inc. is a Florida corporation which, by virtue of a claim of lien and related work or material, may claim an interest in all or a portion of the Property that is the subject of this action.

20. Moffatt & Nichol Inc., is a Florida corporation, which by virtue of a claim of lien and related work or material, may claim an interest in all or a portion of the Property that is subject of this action.

21. Artesian Farms, Inc., is a Florida corporation, which by virtue of a recorded Stipulated Final Judgment, may claim an interest in all or a portion of the Property that is subject of this action.

22. Ordinance # 04-17 establishing the District was adopted by the Hillsborough County Commission on February 24, 2004 and became effective February 26, 2004.

23. The Notice of Establishment of the South Bay Community Development District was recorded March 26, 2004 at O.R. Book 13671, Page 1169 and stated among other things that the District could impose and levy taxes or assessments or both taxes and assessments on the Property.

24. The District recorded that certain Lien of Record of South Bay Community Development District May 19, 2004 at O.R. Book 13842, Page 1068, a copy of which is attached hereto as Exhibit "B" (the "Lien of Record")..

25. The Landowners executed that certain Declaration of Consent to Imposition of Special Assessments to secure the District's Bond Anticipation Notes, Series 2004 on or about April 14, 2004 and recorded same on May 19, 2004 at O.R. Book 13842, Page 1084.

26. The District obtained a Final Judgment validating the issuance of South Bay Community Development District Capital Improvement Revenue Bonds (the "Bonds") in one or more series payable and secured *inter alia* by certain special assessments against the Property ("Special Assessments"). The Final Judgment of validation was recorded September 30, 2004 at O.R. Book 14262, Page 0955.

27. The District subsequently issued three series of Capital Improvement Revenue Bonds: the $22,755,000.00 South Bay Community Development District Capital Improvement Revenue Bonds, Series 2005A (the "2005A Bonds"); the $16,175,000.00 South Bay Community

Development District Capital Improvement Revenue Bonds, Series 2005B-1 (the "2005B-1 Bonds"); and, the $18,515,000.00 Bay Community Development District Capital Improvement Revenue Bonds, Series 2005B-2 (the "2005B-2 Bonds"); all for the purpose of financing certain improvements to the Property. The three series of bonds are sometimes referred to collectively herein as the "Bonds".

28.    The Bonds were sold to various investors.

29.    The Landowners executed that certain Declaration of Waiver on or about March 30, 2005 waiving any procedural or substantive irregularities in the noticing, scheduling, adopting and amending any and all resolutions of the District including but not limited to Resolution 2004-25, with said Declaration waiving any arguments as to the procedural or substantive validity of such actions and resolutions from the date of creation of the District to the date of the Declaration, which Declaration was recorded on March 31, 2005 at O.R. Book 14827, Page 0406.

30.    The Landowners executed that certain Declaration of Consent to Imposition of Special Assessments to secure the District's Capital Improvement Revenue Bonds, Series 2005A, Series 2005B-1 and Series 2005B-2 on March 31, 2005 and recorded same on March 31, 2005 at O.R. Book 14827, Page 0422.

31.    The Landowners, the District and Rizetto & Company Incorporated, as the Collection Agent, executed the Notice of Collection Agreement for Special Assessments on March 30, 2005, recorded on June 29, 2005 at O.R. Book 15172, Page 1627.

32.    Pursuant to its duty and lawfully adopted Resolution, the District levied special assessments on certain property including the Property which is the subject of this action to pay for the costs of certain capital improvements constructed by or on behalf of the District.

33. Pursuant to applicable Florida law, the Special Assessments referenced herein constitute a lien on the property within the South Bay Community Development District including the Property owned by defendant Landowners.

34. The District's lien is confirmed, *inter alia*, by the Lien of Record referenced above.

35. The lien of the District is co-equal in dignity with the lien of any state, county, district, municipal and school board taxes, and is superior in dignity and prior to all other liens upon the Property, pursuant to the pertinent provisions of Chapters 170 and 190, Florida Statutes, including without limitation Sections 170.09 and 190.021(9).

36. Defendant Landowners were obligated to pay annual debt service assessments on or before May 1, 2008. Each of the foregoing defendants has defaulted on the payment of the referenced assessments and owes the District said amount plus additional accrued interest.

37. The liens of any of the mortgagees and lienholder defendants named in this action are, as a matter of fact and law, invalid or inferior to the District's lien.

38. Pursuant to Section 170.10, Florida Statutes, the District hereby declares the whole special assessment on the property owned by the above-referenced defendants to be accelerated and immediately due and payable. In addition, the District seeks interest pursuant to Section 170.09, Florida Statutes, and legal costs and attorneys' fees pursuant to Section 170.10, Florida Statutes.

39. All conditions precedent to this action have been performed, satisfied or waived.

WHEREFORE, the District respectfully demands that a judgment be entered as follows:

(a) confirming the priority of the District's lien upon the Property described on Exhibit "A";

(b) establishing the amount of the District's claim for all amounts due pursuant to the special assessments, including the amount of the special assessments and any debt service assessments, pre-judgment interest, post-judgment interest, costs, legal expenses and attorneys' fees;

(c) directing that the Property be sold to satisfy the amount due the District and the cost of sale if the amount due the District is not paid within the time set by the Court;

(d) providing that all rights, title and interest of Earthmark Companies, LLC, Bahia Sun Associates, Ltd., Manatee Bay Associates, LLC, Bahia River Associates, LLC, Bahia Marina Associates, LLC, Great Florida Bank, Marshall Bank, Ohio Savings Bank, Orion Bank, Peninsula Bank, George F. Young, Inc., U.S. Brick and Block Systems, Inc., Len Tran, Inc., d/b/a Turner Tree and Landscape, Moffatt $ Nichol, Inc., W.G. Mills Inc., County Draperies Inc., Artesian Farms, Inc., and any other subordinate interest holders and their successors, all persons claiming under or against them, and any other persons or entities claiming an interest in the Property subsequent to the filing of the District's notice of lis pendens herein, be forever barred and foreclosed;

(e) directing an accounting for all sums due the District, and any and all sums which have been or may be advanced by or on behalf of the District to protect its interest in the Property, and any and all rents that may have been or may be collected by any defendant in connection with the subject

property, and providing for the conveyance of all such sums to the District as appropriate;

(f) directing the issuance of writs of possession and such other writs as may be necessary to give full relief to the District;

(g) retaining jurisdiction over this action to enter a deficiency judgment and such other orders as this Court deems appropriate; and,

(h) granting such further relief which this Court deems appropriate.

Respectfully submitted,

_____
Richard M. Zabak
Florida Bar No. 273406
David L. Smith
Florida Bar No. 302139
GrayRobinson, P.A.
Post Office Box 3324
Tampa, FL 33601-3324
Telephone: (813) 273-5000
Facsimile: (813) 273-5145
Attorneys for Plaintiff

Date: Nov. 24, 2008

40242-6- # 1332129 v1